UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD P. BOND, LIQUIDATING TRUSTEE of the LIQUIDATING TRUST for PT-1 COMMUNICATIONS, INC., PT-1 LONG DISTANCE, INC and PT-1 TECHNOLOGIES, INC., <br><br>                                       Plaintiff, <br><br>         -against- <br><br> UNITED STATES OF AMERICA, <br><br>                                       Defendant. | Docket No.: <br><br> COMPLAINT <br> FOR TAX REFUND |

**EDWARD P. BOND,** the Liquidating Trustee for the Liquidating Trust (the "Trust") for PT-1 Communications, Inc., PT-1 Long Distance Inc. and PT-1 Technologies, Inc. (the "Plaintiff" or the "Trustee"), by his attorneys, Cole Schotz, P.C., as and for his complaint for a refund for the overpayment of taxes, alleges as follows:

1. This action is brought by the Trustee to recover an overpayment of taxes made by PT-1 Communications, Inc. and its subsidiaries, PT-1 Long Distance, Inc. and PT-1 Technologies, Inc., (collectively, "PT-1") for the period of March 8, 2001 to December 31, 2001 (the "Short Period"). With accumulated interest, the amount owed to the Trust is approximately $9 million.

## PARTIES AND JURISDICTION

2. The Plaintiff is the Trustee of the Trust established pursuant to an order of the United States Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court") entered on November 23, 2004. The order confirmed a plan of reorganization for PT-1 ("the

Plan"). Pursuant to the Plan, certain assets were transferred to the Trust including all tax refunds due to PT-1 for tax years prior to January 1, 2005. Through the Plan and confirmation order, the Plaintiff is the successor in interest to PT-1's right to receive the tax refund.

3. This is a civil action against the United State of America and its agency the Internal Revenue Service ("IRS") for the recovery of income taxes erroneously collected and paid in excess of PT-1's tax liability for the Short Period. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1346(a)(1) and venue is proper in this District under 28 U.S.C. §1402(a)(1).

## BACKGROUND ALLEGATIONS

4. The Trustee and the IRS have been litigating the Trustee's right to a tax refund for the Short Period since 2005. Between 2007 and 2011, the Bankruptcy Court issued a series of decisions and orders, the result of which was to award the Trustee a refund of $3,806,512 (the "Refund") for taxes and interest paid by PT-1 on account of tax liabilities for the Short Period. In addition, the Bankruptcy Court awarded the Trustee statutory interest on that amount from the date of the tax overpayment until the date the Refund was paid. The four decisions of the Bankruptcy Court were reported at 357 B.R. 217 (Bankr. E.D.N.Y. 2006), 386 B.R. 402 (Bankr. E.D.N.Y. 2007), 403 B.R. 250 (Bankr. E.D.N.Y. 2009) and 447 B.R. 115 (Bankr. E.D.N.Y. 2011).

5. The last decision of the Bankruptcy Court followed a three day evidentiary hearing and included findings that the Trustee was entitled to apply certain net operating losses ("NOL") to the income reported on the tax return filed by PT-1 for the Short Period, thereby reducing its taxable income. This reduction in income gave rise to the Refund. These findings, among others, were incorporated in a final order entered on [April 28, 2011] (the "Final Order").

6.	That portion of the Final Order of the Bankruptcy Court which awarded the Trustee the Refund was affirmed by the United States District Court for the Eastern District of New York (Hon. Brian M. Cogan) in a Corrected Memorandum Decision and Order dated September 17, 2012, and reported at 486 B.R. 9. (the "DC Decision").  In affirming the Bankruptcy Court's Final Order, that the Trustee was entitled to a refund of taxes paid for the Short Period, the District Court summarized the Bankruptcy Court's ultimate findings of fact as follows:

> The Bankruptcy Court held that: (a) an undisputed NOL allocable to the PT-1 Entities from the Star Group's 2000 income tax return (in the amount of $7,423,328.00) could be applied toward taxable income of the PT-1 Entities for the [Short Period]…;(c) it sustained a deduction reported on PT-1's proffered return for the 2001 Stub Period [i.e. January 1, 2001 to March 8, 2001] in the amount of $11,868,413…(e) it allowed deductions relating to operational long-distance bad debt of $3,892,212.42 for the 2001 Stub Period, $10, 656,606 for the 2001 Short Period , and $8,133,202.04 for the 2002 tax year…" 486 B.R. at 22.

7.	The IRS initially appealed the DC Decision to the United States Court of Appeals for the Second Circuit, but later withdrew the appeal.  The Trustee cross-appealed so much of the DC Decision which reversed the Bankruptcy Court's determination that the IRS had no set-off or recoupment rights as against the Refund.  The cross-appeal was heard by the Second Circuit on March 17, 2014.

8.	On August 13, 2014, the Second Circuit reversed the Bankruptcy Court's Final Order, holding that the Bankruptcy Court lacked subject matter jurisdiction to award the Refund and that the IRS' withdrawal of its appeal was not a waiver of its jurisdictional defense. *United States of America v. Bond,* 762 F.3d 255 (2nd Cir. 2014).  However, the Second Circuit held that "because the Plan permissibly transfer[ed] the legal right to any tax refund to the liquidating

3

trust, the Liquidating Trustee may pursue the claim directly in federal district court. *See* 28 U.S.C. § 1346." 762 F.3d at 262.

9. By reason of the Second Circuit's decision, the Final Order of the Bankruptcy Code is null and void leaving the parties to re-litigate issues pertaining to the Short Period refund, including certain NOLs reported by PT-1 for years prior and subsequent to the Short Period which the Trustee maintains that the Bankruptcy Court erroneously disallowed.

## THE TAX RETURNS AND NOLS

10. On September 16, 2002, PT-1 filed its federal income tax return for the Short Period. On that return PT-1 reported taxable income of $20,455,135 and a tax liability of $6,706,172. Along with the return, PT-1 remitted payment of the taxes shown to be due on the return. Because PT-1 received an extension of time to file the Short Period return, it owed interest on the tax liability from the time that the return was initially due, March 15, 2002, until the payment was made on September 16, 2002. PT-1 paid this interest obligation, calculated in accordance with section 6601 of the Internal Revenue Code, on February 13, 2003 by remitting a check in the amount of $207,056.53.

11. Under applicable provisions of the Internal Revenue Code, a corporate taxpayer such as PT-1 is entitled to carry forward NOLs incurred in the two immediately preceding tax years and to carry back NOLs incurred in subsequent tax years to reduce taxable income in a specified year. In PT-1's case, this meant that losses incurred in 2000, the period of January 1, 2001 to March 7, 2001 (the "Stub Period"), 2002 and 2003 could be used to reduce the reported Short Period income of $20,455,135.

12. For the tax (and calendar) year of 2000, PT-1 was wholly owned by STAR Telecommunications, Inc. ("STAR"). In accordance with applicable provisions of the Internal

4

Revenue Code and regulations promulgated thereunder, as the parent corporation STAR was required to file a consolidated return on behalf of itself and its subsidiaries, which STAR did. For 2000, STAR reported a loss of $26,622,728.

13.     In or about March 8, 2001, PT-1 ceased being a member of the STAR consolidated filing group. This meant that for periods subsequent to March 8, 2001, PT-1 was required to file its own returns. It also entitled PT-1 to use that portion of the consolidated loss allocated to it by STAR for the 2000 tax year. The allocated loss was $7,618,911.

14.     PT-1, however, was a member of the STAR consolidated group during the Stub Period, and therefore it was not allowed to file its own tax return for that period, but expected that the results of its operations would be reported by STAR when STAR filed its own return for 2001. Shortly after PT-1 filed its petition for reorganization, however, STAR filed its own petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

15.     STAR's reorganization was unsuccessful and the company was liquidated under the auspices of the bankruptcy court. Prior to liquidating, however, STAR failed to file its tax return for 2001. It did not have any taxable income in 2001 and the IRS filed neither a proof of claim nor a request for payment of an administrative expense for 2001 taxes in the STAR bankruptcy and it has never claimed that STAR had an unpaid income tax liability for that or any other year.

16.     Because STAR had liquidated and ceased to exist without having filed a consolidated return for 2001, PT-1 was left with no option but to file its own return for the Stub Period. Additionally it provided the IRS with a full year "pro forma" return which combined the results of its operation for the Stub and Short periods. The pro forma return reflected taxable

income for all of 2001 to be $13,514,498. In other words, PT-1 had a Stub Period loss of $6,904,637. In arriving at this loss, PT-1 used $1,294,693 of the allocated 2000 loss of $7,618,911, thereby reducing the NOL to $6,324,218.

17. On or about September 15, 2003, PT-1 filed its tax return for 2002. The return reported an NOL of $5,590,832. Thereafter, in connection with an audit of the 2002 tax return, PT-1 reported an additional loss resulting from its write-off of the unamortized adjusted basis that it had in an asset called an "Indefeasible Right of Use" (the "IRU"). PT-1 had paid $8,600,000 for the IRU which gave it the right to the exclusive use of certain fiber optic cables in its telephone business. The amount of the write-off reported to the IRS was $6,823,750.

18. In addition, PT-1 reported an NOL on its 2003 tax return of $4,426,772. The IRS never proposed any adjustments to this return and the period for which adjustments could be made to the return has long since expired.

19. All of these available losses and NOLs (including the loss reported for the Stub Period and the allocated loss from 2000) total $30,070,209. The magnitude of these losses and NOLs are 50% greater than the income reported on the Short Period return, thus entitling the Trustee to a full refund of taxes and interest paid for the Short Period.

20. In September 2005, the Trustee filed an amended return and an administrative claim with the IRS requesting a refund of all taxes and interest paid for the Short Period. The Plaintiff's utilization of the losses was proper and the amended tax return filed for the Short Period claiming the refund was correct.

21. The IRS has never acted on the refund request and the Plaintiff submits that the IRS' failure to act upon and accept the amended return and pay the refund were erroneous. Under section 6532 of the Internal Revenue Code, the Trustee is permitted to bring this action.

50810/0001-11274846v1

## FOR A CLAIM FOR RELIEF

22. The Trustee repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

WHEREFORE the Plaintiff demands judgment for and in his favor against the United States:

(i) in the amount of $6,915,228.50 or such other amount as may be legally refundable, plus interest as provided by law; and

(ii) for his costs, attorney's fees and such other relief as the Court deems just and proper.

DATED: New York, New York  COLE SCHOTZ, P.C.
February 23, 2015  .,
*Attorneys for Edward P. Bond, Trustee of the PT-1 Liquidating Trust*

By: */s/ Laurence May*_____
Laurence May, Esq. (LM-9714)
900 Third Avenue
16th Floor
New York, New York 10022
(212) 752-8000

TO: Thomas P. Cole, Esq.
Trial Attorney, Civil Trial Section-Northern
U.S. Department of Justice
Tax Division, CTS-N
Box 55, Ben Franklin Station
Washington, DC 20044

50810/0001-11274846v1